```
14:19:23                   UNITED STATES DISTRICT COURT

                           WESTERN DISTRICT OF NEW YORK


         - - - - - - - - - - - - - - X
         UNITED STATES OF AMERICA    )    24MJ4013
                                     )
         vs.
                                          Buffalo, New York
         DONDE LINDSAY,              )    June 25, 2024
                     Defendant.           2:30 p.m.
         - - - - - - - - - - - - - - X
```

**CONTINUATION OF DETENTION HEARING**
**Transcribed from an Electronic Recording Device**

```
                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MARIAN W. PAYSON
                 UNITED STATES MAGISTRATE JUDGE
```

**FOR PLAINTIFF:**    ROBERT MARANGOLA, ESQ.
                      Assistant United States Attorney
                      100 State Street
                      Rochester, New York 14614


**FOR DEFENDANT:**    JOHN J. GILSENAN, ESQ.
                      Osborn, Reed & Burke, LLP
                      120 Allens Creek Road, Suite 150
                      Rochester, New York 14618


                      K. Nenni, USPO










**COURT REPORTER:** Karen J. Clark, Official Court Reporter
                    Karenclark1013@AOL.com
                    100 State Street
                    Rochester, New York 14614

```
 1                    USA V. D. LINDSAY
 2                    P R O C E E D I N G
                  *              *              *
 3
 4
 5          THE CLERK:  This is the case of United
 6   States of America versus Donde Lindsay, 24MJ4013.
 7          MAGISTRATE JUDGE PAYSON:  At the last court
 8   appearance, I raised two issues.  One was whether Mr.
 9   Lindsay would be accepted into the Salvation Army
10   program if I determined that a release condition
11   centered around that would be appropriate.
12          Officer Nenni, would you place on the record
13   what you learned?
14          PROBATION:  Yes, your Honor.  The defendant
15   had an intake assessment with the Salvation Army
16   yesterday and was accepted into the program and he could
17   be placed as early as tomorrow afternoon.
18          MAGISTRATE JUDGE PAYSON:  Okay.  And Mr.
19   Marangola, I put you on notice of my consideration of
20   Mr. Lindsay's placement at the Salvation Army so you
21   could make a determination about whether you would seek
22   a stay in the event that I did impose release
23   conditions, again, centered around his residing and
24   participating in the Salvation Army program.  Have you
25   had an opportunity to consider that?
```

```
 1                     USA V. D. LINDSAY
 2              MR. MARANGOLA:  I have, judge.  And yes, I
 3  would be seeking a stay.
 4              MAGISTRATE JUDGE PAYSON:  Okay.  So let me
 5  indicate for the record, it is my intention to deny the
 6  government's motion for detention, as I think I
 7  indicated at the last court appearance.  I do think it
 8  is a close case, and I'm mindful that the government has
 9  proffered what, at this stage, appears to be reasonably
10  strong evidence certainly in support of the drug
11  charges.  As to the firearms charge, the government has
12  proffered evidence that seems reasonably strong in
13  support of the proposition that Mr. Lindsay unlawfully
14  possessed a firearm at his residence at a time when he
15  was involved in drug dealing and it was a loaded
16  firearm.  Plainly, that is dangerous.  And in the event
17  that there is a combination of drugs and firearms, that
18  is a dangerous mix.
19              I acknowledged that this case gives rise to
20  a rebuttable presumption and that I do find probable
21  cause that Mr. Lindsay has committed the charges that he
22  faces here and so the government is entitled to rely on
23  the presumption.
24              In rebuttal, the defense has come forward
25  with a proposal that, first, that Mr. Lindsay be
```

|   |   |
|---|---|
| 1 | USA V. D. LINDSAY |
| 2 | permitted to live with his sister.  When I expressed |
| 3 | interest in exploring another avenue, that would be |
| 4 | living at the Salvation Army, the defense indicated that |
| 5 | Mr. Lindsay would be agreeable to and interested in |
| 6 | living at the Salvation Army.  In my experience, that is |
| 7 | a structured program that has -- has worked well in a |
| 8 | number of cases in which I have ordered release where, |
| 9 | like this, I find it to be a close case and I wasn't |
| 10 | comfortable releasing somebody to go back to live where |
| 11 | they had been living before.  I find that the program is |
| 12 | also good insofar as it generally requires people who |
| 13 | live there to work hard and to be productively engaged. |
| 14 | Not everybody succeeds.  I don't want to suggest that |
| 15 | it's been 100 percent success for me.  But, in cases |
| 16 | like this, I think it has worked well. |
| 17 | Mr. Lindsay certainly has a criminal |
| 18 | history.  As he has gotten older, the past offenses are |
| 19 | more in the nature of misdemeanor offenses rather than |
| 20 | felony offenses.  And what is significant to me is the |
| 21 | most recent offense, he had a three-year term of |
| 22 | probation that he appears to have completed successfully |
| 23 | without any issues, which suggests to me that Mr. |
| 24 | Lindsay, as an adult, has had better success than he did |
| 25 | as a younger, less mature person, understanding the |

```
 1                    USA V. D. LINDSAY
 2    importance of complying with supervision and court
 3    requirements and being able to do so.  With respect to
 4    the firearm, there is no question that that gives me
 5    significant pause.  I do find relevant and significant
 6    what Mr. Gilsenan has proffered, that it is reasonable
 7    to believe that if the government had evidence that Mr.
 8    Lindsay was displaying, discharging, threatening,
 9    somebody in the course of drug dealing with a gun, if
10    the government had that evidence, I'm sure Mr. Marangola
11    would have told me about that.
12              MR. MARANGOLA:  I don't have that evidence,
13    I'll state that.
14              MAGISTRATE JUDGE PAYSON:  Yes.  I'm sure you
15    would acknowledge that.  So we have a gun that was found
16    in his residence and no evidence that in connection with
17    the charges here that Mr. Lindsay has committed an act
18    of violence, has threatened somebody with a gun or has
19    displayed the gun.
20              So given all of the information that I have,
21    I believe that the -- that release would be appropriate,
22    that there are conditions that can be set, but they
23    would be about as strict as one can get.  They would be
24    Salvation Army with electronic monitoring.  Assuming
25    Salvation Army allows a curfew, which I think they do, I
```

|   |   |
|---|---|
| 1 | USA V. D. LINDSAY |
| 2 | would set a curfew so he can't be out of the Salvation |
| 3 | Army at night.  So I would expect that he would be |
| 4 | working productively during the day, participating in |
| 5 | programs that might be appropriate for him such as |
| 6 | substance abuse programs and treatment, be there at |
| 7 | night, wear an electronic bracelet, so if he is not |
| 8 | there, we would know that, and he would get picked up |
| 9 | and be brought back here, as well as a host of other |
| 10 | conditions that I imagine that counsel are fairly |
| 11 | familiar with.  You know, can't be outside of the |
| 12 | Salvation Army, has to comply with the rules and |
| 13 | regulations of the Salvation Army, no possession of any |
| 14 | firearms or dangerous devices or destructive devices, |
| 15 | dangerous weapons, no use of any alcohol, drugs, |
| 16 | controlled substances, drug testing, drug treatment, |
| 17 | reporting to pretrial, reporting to pretrial any contact |
| 18 | with law enforcement.  Those are the -- the main |
| 19 | conditions.  So that is my intention.  That is the basis |
| 20 | of my summary of how I see this case. |
| 21 | As I said, I do think it is a close case and |
| 22 | that is why I put Mr. Marangola on notice so he could |
| 23 | think about whether he wishes to seek a stay.  And Mr. |
| 24 | Marangola would you be able to file that -- what is |
| 25 | today?  By Thursday? |

```
 1                    USA V. D. LINDSAY
 2              MR. MARANGOLA:  Yes, Judge.  I'll file that
 3   by Thursday.
 4              MAGISTRATE JUDGE PAYSON:  Okay.  Mr.
 5   Gilsenan, you'll check the docket.  If for some reason
 6   Mr. Marangola has not filed that by Thursday, let me
 7   know, I'll put the matter on the calendar for Friday and
 8   set release conditions.  So I'm assuming that that will
 9   be filed.  I think sometimes it's possible that Mr.
10   Marangola could change his mind, I think unlikely, and I
11   imagine if he did change his mind, he would let us know
12   that.
13              MR. MARANGOLA:  I would.  I was going to say
14   that.
15              MAGISTRATE JUDGE PAYSON:  Let's go forward
16   on the assumption that Mr. Marangola is asking the trial
17   judge to review my determination to set release
18   conditions, and that is going to have to play out.  So
19   you're going to have to persuade the district court
20   judge in addition to me that it is appropriate that you
21   be released.  And I don't know how that's going to turn
22   out, but that is going to happen.  That will be the next
23   stage in these proceedings.
24              Let's go forward in setting a next date for
25   this case.  Do you want -- you withdrew your motion for
```

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | USA V. D. LINDSAY                                            |
| 2   | a preliminary hearing.  Are you asking me to re-set that     |
| 3   | or do you want me to put it on just for status.  Did I       |
| 4   | set a status date?  I don't think I did.  We just took       |
| 5   | off the preliminary hearing and put on today's date,         |
| 6   | right?                                                       |
| 7   |        MR. MARANGOLA:  I don't think we set a |
| 8   | status date.                                                 |
| 9   |        MAGISTRATE JUDGE PAYSON:  No, I don't think |
| 10  | we did.                                                      |
| 11  |        MR. GILSENAN:  I have a question.  I have |
| 12  | papers that I plan to file in opposition to the              |
| 13  | government's motion for a stay.  Is that response, is        |
| 14  | that directed towards the district court?                    |
| 15  |        MAGISTRATE JUDGE PAYSON:  Yes.          |
| 16  |        MR. GILSENAN:  And if there was to be a |
| 17  | hearing or argument, that would be held before the           |
| 18  | district judge, correct?                                     |
| 19  |        MAGISTRATE JUDGE PAYSON:  Correct.      |
| 20  |        MR. GILSENAN:  So at this point, I ask the |
| 21  | Court to set another status.                                 |
| 22  |        MAGISTRATE JUDGE PAYSON:  How much time |
| 23  | would you like?                                              |
| 24  |        MR. GILSENAN:  Thirty days, your Honor. |
| 25  | Actually, I begin trial again in Buffalo on the 29th of      |

```
 1                         USA V. D. LINDSAY
 2    July, so any time before that, maybe the week before
 3    that.
 4               MAGISTRATE JUDGE PAYSON:  The 23rd?
 5               MR. GILSENAN:  That should work, your Honor.
 6               MAGISTRATE JUDGE PAYSON:  Nine o'clock.
 7               MR. GILSENAN:  Yes.
 8               MR. MARANGOLA:  Nine o'clock on the 23rd?
 9               MAGISTRATE JUDGE PAYSON:  July 23rd is the
10    next status date in this case.
11               You're asking for an interest of justice
12    exclusion?
13               MR. GILSENAN:  Yes, your Honor.
14               MR. MARANGOLA:  Government joins that
15    request.
16               MAGISTRATE JUDGE PAYSON:  Joint request to
17    exclude time in the interest of justice is granted.
18    Time is excluded between today and July 23rd under 18
19    U.S.C. 3161(h)(7).  I find that Mr. Lindsay's interest,
20    the government's interest and the public's interest in
21    both a speedy indictment and speedy trial are outweighed
22    by Mr. Lindsay's interest in having enough time to
23    discuss the charges more fully with Mr. Gilsenan, to go
24    over with Mr. Gilsenan discovery relating to the
25    charges, discuss his options, whether to engage in plea
```

```
 1                        USA V. D. LINDSAY
 2    negotiations, or whether to ask for a preliminary
 3    hearing.  So for those reasons, time is excluded in the
 4    interest of justice between today and July 23rd under 18
 5    U.S.C. Section 3161(h)(7).
 6               Mr. Gilsenan, let me go back to the question
 7    you asked about who would hear -- you're talking about
 8    who would hear a motion, your opposition to a motion to
 9    stay?
10               MR. GILSENAN:  That's correct, your Honor.
11    And actually, your Honor, after the Court put the other
12    information on the record, I guess I would object, if I
13    can, I'm not sure if I even can, to the government --
14    giving the government until Thursday.  If there is a bed
15    open tomorrow for him to be picked up tomorrow, I plan
16    to file that opposition as soon as I get back to my
17    computer and the arguments center around the Bail Reform
18    Act's lack of any mechanism for staying the Magistrate
19    judge's decision and addresses some issues regarding the
20    inherent power of the Court to stay a decision.
21               MAGISTRATE JUDGE PAYSON:  Officer Nenni, do
22    you have any reason to believe that the bed would not be
23    available on Thursday or later than that?
24               PROBATION:  Your Honor, there -- I can
25    confirm from the Salvation Army, but there should still
```

```
 1                    USA V. D. LINDSAY
 2   be a bed on Thursday.  They just advised the earliest
 3   they could pick him up from this building would be
 4   tomorrow afternoon.
 5              MAGISTRATE JUDGE PAYSON:  Okay.  I don't
 6   think I've had much difficulty getting somebody into the
 7   Salvation Army in terms of availability.
 8              PROBATION:  That's correct.  I haven't had
 9   that experience yet.  Every time I reached out to them,
10   they've had an open bed.
11              MAGISTRATE JUDGE PAYSON:  And that is,
12   unlike treatment programs that I think sometimes if you
13   don't get that bed, it's going to go to someone else, I
14   haven't had that experience with the Salvation Army.
15   I'm trying to think, in all of my time here, whether I
16   -- I don't think I've ever entertained a motion or
17   opposition to a stay, so I'll ask Mr. Marangola, is that
18   something, that argument over a stay, has been had
19   before the district court?
20              MR. MARANGOLA:  No, Judge.  I've never had
21   that.  We filed the motion and then we get schedule from
22   the district judge as to what they want to do in terms
23   of proceedings after that.
24              MAGISTRATE JUDGE PAYSON:  Okay.  So I don't
25   want to speak too quickly in saying that would
```

| | |
|---|---|
| 1 | USA V. D. LINDSAY |
| 2 | necessarily be heard before the district judge.  It's |
| 3 | pretty unusual.  I think here that a defendant opposes |
| 4 | the motion, opposes the stay as opposed to opposes |
| 5 | substantively.  And, you know, I know the last thing you |
| 6 | want is to end up having proceedings over a stay then |
| 7 | end up delaying substantive proceedings before the |
| 8 | district court.  But I'm happy to look at your motion. |
| 9 | I don't know whether that would be heard before me or |
| 10 | whether it would be heard before the district court, |
| 11 | whether I would decide it on the papers, whether the |
| 12 | district court would decide it on the papers.  In close |
| 13 | cases, I rather routinely do grant a stay or, you know, |
| 14 | and I would investigate whether I had jurisdiction to |
| 15 | stay my own decision pending district court review.  I |
| 16 | don't know that anybody has ever told me that I can't do |
| 17 | that.  And I've done it routinely.  That is not to say I |
| 18 | haven't been wrong for all of these years and other |
| 19 | judges before me and after me.  It's a pretty routine |
| 20 | practice here. |
| 21 | So file whatever it is that you have to file |
| 22 | and, you know, we'll sort it out from there.  But I |
| 23 | would say, I approach this case saying for me, it was a |
| 24 | very hard decision and I have -- and here I think it |
| 25 | would be appropriate, as I've done in many other cases, |

```
 1                    USA V. D. LINDSAY
 2   to allow the government to be heard before the district
 3   court before the defendant is released where they
 4   contend that there are no conditions that would
 5   adequately assure his return to court as well as safety
 6   of the community.  But I am happy to take a look at your
 7   motion and I don't know whether that is, as I said,
 8   something I would decide, something the district court
 9   would decide.  But once Mr. Marangola files that motion,
10   I think that will start the ball rolling in terms of
11   getting a schedule from the district court.
12             MR. GILSENAN:  Your Honor, would the Court
13   suggest that I file my opposition before the government
14   files their motion or is that putting the cart before
15   the horse?
16             MAGISTRATE JUDGE PAYSON:  Okay.  You were
17   saying you were going to go back and you intended to
18   file something today.  I don't know what it is.  I
19   haven't seen what it is that you plan to file.  No, I
20   think that you should respond to the government's
21   motion.
22             MR. GILSENAN:  Okay.  All right then.  Thank
23   you, your Honor.
24             MAGISTRATE JUDGE PAYSON:  Okay.
25             MR. MARANGOLA:  Thank you, Judge.
```

```
 1                    USA V. D. LINDSAY
 2            MAGISTRATE JUDGE PAYSON:  Thank you.
 3                  CERTIFICATE OF REPORTER.
 4
 5     I certify that the foregoing is a correct transcript
 6  of the record to the best of my ability of proceedings
 7  transcribed from the audio in the above-entitled matter.
 8
 9  S/ Karen J. Clark,  RPR
10  Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```